602 So.2d 291 (1992)
STATE of Louisiana, Appellee,
v.
Elijah ALEXANDER, Appellant.
No. 23812-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*292 Indigent Defender Bd. by Lewis A. Jones, Ruston, for appellant.
Richard P. Ieyoub, Atty. Gen., Robert W. Levy, Dist. Atty., John F.K. Belton, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, NORRIS, and STEWART, JJ.
STEWART, Judge.
Defendant, Elijah Alexander, was charged by bill of information with obscenity second offense. After a trial by jury, Alexander was found guilty as charged and subsequently sentenced to serve three years at hard labor, and to pay court costs. *293 In default of paying court costs, Alexander is to serve 60 days concurrent with the three-year sentence.
On appeal, Alexander contends that (1) the trial court erred in refusing to allow him to wear shorts in front of the jury which he averred were identical to those he was wearing at the time of his arrest; (2) the evidence was insufficient to convict him of obscenity second offense; and (3) the trial court imposed an excessive sentence and failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. Finding no merit to these assignments, we affirm the conviction and sentence.

FACTS
On November 30, 1989, Officer Audrey White, the dispatcher at the Grambling State University (Grambling) Police Department, received a telephone call from a female student who complained that a male was exposing his genitals in front of Grambling's cafeteria. The dispatcher contacted the Chief of Police, Edward Adams, who went to investigate the caller's complaint. Upon arrival at the cafeteria, he saw Alexander, who fit the description given by the caller of the male who was exposing his genitals, engaged in conversation with some male companions. Alexander was clothed in a pair of cutoff blue jeans which were mid-thigh length, the shorts were split up along the outer seams all the way up to the waistband which exposed his genitals. Alexander was not wearing any underwear, shoes, socks, or shirt when confronted by Chief Adams. Alexander was arrested and charged with obscenity second offense.
On September 13, 1991, Alexander was tried, convicted as charged, and sentenced. Alexander appeals.

DISCUSSION

Assignment of Error No. 1
Alexander contends the trial court erred in denying his request to wear shorts in front of the jury which he averred were identical to those he was wearing at the time of the arrest. Alexander argues that his demonstration of the shorts would have shown that his genitals were not exposed.
All relevant evidence is admissible except as otherwise provided by the state or federal constitution, by law or by rule of the Supreme Court. State v. Johnson, 453 So.2d 279 (La.App.2d Cir.1984); LSA-C.E. Art. 402. Even if deemed relevant, however, evidence should be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury or by consideration of undue delay or waste of time. LSA-C.E. Art. 403.
The use of demonstrative evidence is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of an abuse of discretion. State v. Mayberry, 457 So.2d 880 (La.App. 3d Cir.1984), writ denied, 462 So.2d 191 (La.1984).
At trial, defendant conceded that he no longer had the shorts that he was wearing on the date of his arrest approximately one and one-half years prior to trial. Given this long lapse of time, the trial judge was not convinced that the shorts to be demonstrated were sufficiently identical to have probative value. Even if the shorts were identical, the trial judge reasoned that such a demonstration was not in good taste and might result in the commission of another offense in front of the jury.
The testimony of Chief Adams and Officer White established that Alexander was exposed. Therefore, we conclude that a demonstration by Alexander was not necessary to enable the fact-finder to determine whether his genitals were exposed.
Therefore, based on this record, we find no abuse of the trial court's discretion in denying Alexander's request to wear shorts in front of the jury. This assignment of error lacks merit.

Assignment of Error No. 2
Alexander contends that the evidence was insufficient to sustain a verdict of obscenity second offense. He argues that he did not expose himself or, if he did, *294 he lacked the requisite intent because of his religious beliefs.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Doby, 540 So.2d 1008 (La.App.2d Cir.1989), writ denied, 544 So.2d 398 (La.1989).
LSA-R.S. 14:106 A(1), defines obscenity in pertinent part:
Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
In the instant case, Police Chief Adams testified that he observed Alexander in front of Grambling's cafeteria and that Alexander's genitals were exposed. Also, Officer White testified that she observed Alexander when he came into the police station and that his genitals were exposed. A victim's or witness's testimony is sufficient to establish that an obscene public exposure occurred. See State v. Magee, 517 So.2d 464 (La.App. 1st Cir.1987); State v. Arabie, 507 So.2d 859 (La.App. 5th Cir.1987). Therefore, the testimony of Adams and White was sufficient to establish that Alexander's genitals were exposed in a public place.
Alexander's arrest was precipitated by the complaint of a female student who found his exposure patently offensive. Further, upon arriving at Grambling's cafeteria to investigate the student's complaint, Chief Adams likewise found Alexander's exposure so patently offensive that he became the complainant. Officer White corroborated the patently offensive nature of Alexander's exposure. The jury, the ultimate fact-finders and a fair representation of the community, found that Alexander's exposure was patently offensive by returning a unanimous verdict of guilty as charged of obscenity second offense.
Based on the record, we find the evidence presented to the jury was sufficient, considered in the light most favorable to the prosecution, for a rational jury to conclude that Alexander was guilty of obscenity second offense.
However, Alexander argues that he did not have the requisite criminal intent. Alexander contends he did not intend to expose himself or offend anyone by wearing the attire which he did, but instead, he believed that his religion dictated that he wear the attire in which he was clothed. Alexander likened his religious habit as to that worn by a priest or nun. However, the jury rejected his contention and we find no error in the jury's conclusion. Therefore, this assignment lacks merit.
Intentional, as used in LSA-R.S. 14:106, refers to general criminal intent as defined in LSA-R.S. 14:10(2), which provides:
General criminal intent is present whenever there is specific intent, and also when the circumstances indicate the offender, in the ordinary course of human experience must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
In reviewing the correctness of a determination of whether requisite intent was present, the court should review the evidence in a light most favorable to the prosecution and must determine if the evidence is sufficient to convince a reasonable trier of fact of the defendant's guilt beyond a reasonable doubt as to every element of the offense. State v. Hunter, (La.App.2d Cir.1984) 454 So.2d 131, writ denied, 456 So.2d 1018.
We conclude that the evidence presented to the jury was sufficient, considered in the light most favorable to the prosecution for a rational jury to reasonably conclude that Alexander was guilty of obscenity second offense.

Assignment of Error No. 3
Alexander contends that the three-year sentence is excessive. The test imposed by the reviewing court in determining *295 the excessiveness of a sentence is two-pronged. First, the record must reflect that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. The judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App.2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
The second inquiry made by the reviewing court is whether the sentence imposed is too severe. This depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988).
In the instant case, the trial court noted that Alexander was 46 years old and was classified as a third felony offender and that he had an extensive prior criminal record which dated back to 1982. The court concluded that Alexander would likely commit another offense based on his prior criminal record and the fact that one of his prior offenses is the same as the instant offense. The court also concluded that Alexander was in need of a custodial environment and correctional treatment which could be best afforded by commitment to an institution.
In imposing sentence, the trial court considered and reviewed the pre-sentence investigation (PSI) report. The PSI indicates that Alexander is single but has been married and divorced twice. Although no children were born of either union, Alexander has four children whom he does not support. The record indicates that Alexander has not been gainfully employed since 1976.
Alexander's criminal history includes 23 separate arrests between 1982 and 1991 with two of those resulting in felony convictions. The first felony was third degree robbery in New York City in which Alexander pled guilty. The second felony was obscenity which occurred at Grambling, for which Alexander was placed on unsupervised probation for two years.
Alexander's other convictions are misdemeanors which include petty larceny, trespassing, criminal trespassing, disobeying a police officer, resisting arrest, and improper dress.
Alexander was also arrested five times after the commission of the instant offense by Grambling Police Department and charged with (1) criminal trespass, (2) failure to obey an officer, (3) disturbing the peace, (4) criminal trespass, and (5) remaining on the premises after being forbidden to stay. All of these charges were still pending at the time of sentencing.
The maximum sentence allowed under the statute for obscenity second offense, is three years without benefit of probation, parole, or suspension of sentence and a fine of five thousand dollars. *296 Maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988).
In the instant case, the trial judge stated that Alexander was the worst type of offender because he has no regard for the sensitivities of the public and has demonstrated a contumacious and contemptible attitude toward the court, law enforcement and society in general. The trial judge concluded that Alexander's actions demonstrated his antisocial attitude and warrant the maximum sentence. In view of Alexander's third felony offender status and his extensive prior criminal record, we find no abuse of discretion by the trial court in the sentence imposed.
Considering the ample factual support for the conviction and sentence imposed, any less severe sentence would diminish the severity of the offense. The trial judge's articulated reasons for sentence demonstrate adequate compliance with LSA-C.Cr.P. Art. 894.1 and the sentence imposed is not constitutionally excessive. This assignment is without merit.

CONCLUSION
For the above and foregoing reasons, Alexander's conviction and sentence for obscenity second offense is affirmed.
AFFIRMED.