hRICHARD J. GARVEY, Judge Pro Tem.
Defendant, Raymond Mequet, appeals from his sentence for obscenity. For the reasons which follow, we affirm and remand.
The record shows that defendant was charged with obscenity, a violation of LSA-R.S. 14:106, based upon the allegation that he drove his truck alongside a school bus and masturbated within the view of the school chñdren. Defendant withdrew his initial plea of not guilty and tendered a plea of guilty. After a Boykin examination, the trial court accepted defendant’s guilty plea and ordered a pre-sentence investigation report. No agreement was made as to the sentence. The trial court sentenced defendant to eighteen months at hard labor. Subsequently, defense counsel filed a motion to reconsider sentence, which the court denied. Defendant now appeals, urging that his sentence is excessive and seeking correction of two errors patent.

[2Assignment of Error No. 1

Defendant contends that his sentence of eighteen months at hard labor was excessive. Specifically, he argues that the sentence was the maximum recommended sentence under the sentencing guidelines in effect at the time of the offense and that the trial court ignored the numerous mitigating factors in the ease. He further argues that a suspended sentence should have been imposed, but also contends that if this court determines that incarceration is appropriate, a term of six months is the more appropriate sentence.
The state contends that defendant’s term of imprisonment, only one-half of the statutory maximum sentence, was not excessive in light of the fact that the victims were children who were vulnerable and impressionable.
Despite defendant’s reference to the sentencing guidelines in effect at the time of the offense and the trial court’s mention of the recommended sentencing range under those guidelines', we find no reason to address any specific arguments about those guidelines. The Louisiana Sentencing Guidelines are no longer in effect. LSA-R.S. 15:825-329, which provided for the adoption and promulgation of those guidelines were repealed by Acts 1995, No. 942, § 3, effective August 15, 1995. LSA-C.Cr.P. art. 894.1 was amended and reenacted by Act 942 to delete reference to those guidelines and to provide sentencing guidelines which were in effect at the time of the sentencing and which are now in effect. It would be a waste of judicial resources for this court to review the sentence in light of guidelines which are no longer in effect. See State v. Hidalgo, 95-319 (La.App. 5 Cir. 1/17/96), 668 So.2d 1188.
Nevertheless, we will review defendant’s sentence for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article 1, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant’s constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the ^seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428.
In imposing a sentence of eighteen months at hard labor, the judge noted that *101 the sentencing guidelines in effect at the time of the offense indicated that if defendant was incarcerated, the maximum term should be eighteen months. He further noted several mitigating factors, including defendant’s age, stable residence and employment, his marital status and dependents, and the fact that defendant was undergoing counseling. The trial judge also read from the counselor’s letter regarding defendant’s condition, attitude and a recommendation that on-going counseling would be the most effective solution to defendant’s problem. Although he acknowledged that incarceration would impose a hardship on defendant and his family, the judge stated that he could not overlook the seriousness of the offense.
Additionally, in denying the motion to reconsider the sentence, the trial judge stated that he had received numerous letters attesting to defendant’s good character, but saw no reason to reconsider the sentence.
In sentencing defendant, the trial court took into account several mitigating factors, including the fact that defendant was in counseling and that incarceration would place a hardship on defendant’s family. Despite these factors, the trial court found that the crime was very serious and that incarceration was warranted. Considering all of the above, we find no abuse of the trial court’s wide discretion and affirm defendant’s sentence of eighteen months at hard labor.

Assignment of Error Nos. 2 and 3

Defendant correctly contends that there are two errors patent on the face of the record: the trial court’s failure to advise defendant of the prescriptive period for post I conviction relief and the trial court’s failure to allow credit for time served during defendant’s sentence.
This court routinely reviews each criminal record for errors patent on the face of the record. LSA-C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).
The trial judge failed to advise defendant of the time delay for filing for post-conviction relief. Generally, a defendant must file his application for post-conviction relief within three years after his judgment of conviction and sentence becomes final. LSA-C.Cr.P. art. 930.8C. Section C of article 930.8 directed the trial judge to inform the defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the appropriate remedy is to remand the case for the trial judge to inform defendant of the provisions of article 930.8C by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Crossley, 94-965, (La.App. 5 Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La. 9/15/95), 660 So.2d 459; State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Also, the defendant is correct that the trial court failed to give credit for time served as mandated in LSA-C.Cr.P. art. 880. However, since the commitment form correctly states this credit, there is no reason to remand for a correction of the record.
|5We note an additional error patent in the trial judge’s failure to advise defendant, at the sentencing in September of 1995, of the provisions of LSA-C.Cr.P. art. 894.1D.[1]
Even-though the trial judge failed to advise defendant of the provisions of LSA-C.Cr.P. art. 894.1D, Paragraph F of that *102 article specifically provides that no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D. The appropriate remedy is to instruct the trial court to so inform the defendant by sending appropriate written notice to the defendant within 10 days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Woolridge, 95-971 (La.App. 5 Cir. 2/27/96), 670 So.2d 1332.
According, defendant’s conviction and sentence are affirmed. The trial judge is ordered to inform defendant of the provisions of LSA-C.Cr.P. arts. 894.1D and LSA-C.Cr.P. art. 930.8C, by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. This case is remanded.

AFFIRMED AND REMANDED.

. The provisions of LSA-C.Cr.P. art. 894.1D, which became effective August 15, 1995, are as follows:
*102 D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:
(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender’s sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that die court shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.