687 So.2d 1071 (1997)
STATE of Louisiana, Appellee,
v.
Larry Ross GRADICK, Appellant.
No. 29,231-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
Michael Courteau, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Stephen L. Sylvester, Assistant District Attorney, for Appellee.
Before MARVIN, NORRIS and STEWART, JJ.
STEWART, Judge.
A Ouachita Parish jury found the defendant, Larry Ross Gradick, guilty of obscenity, a violation of La.R.S. 14:106 A(1). The trial court sentenced Gradick to two years at hard labor and imposed a fine of $1,000.00. The execution of the hard labor sentence was suspended, and Gradick was placed on supervised probation for three years subject to special conditions. On appeal, Gradick asserts one assignment of error. For the following reasons, the conviction and sentence are affirmed.

FACTS
On July 31, 1994, the Ouachita Parish Sheriff's Department received a complaint from Donna Albert ("Donna"), a cashier at Betty's Grocery store in Monroe, Louisiana. Donna complained that a male entered the store and exposed his genitals to her while in the store. Deputies subsequently responded to her complaint, and a report was filed that included a description of the suspect. The deputies searched the area, but failed to locate the suspect or his vehicle.
On August 1, 1994, Donna saw the suspect at an automotive shop, and contacted the deputies. They proceeded to the shop, interviewed *1072 the suspect and later identified him as Larry Ross Gradick. After initial questioning, Gradick agreed to answer additional questions at the court annex. While at the annex, Gradick gave a voluntary statement and was arrested for obscenity.
At the trial during the presentation of the state's case, Donna testified that while she was working at Betty's Grocery, Gradick entered the store with three of his daughters. Gradick and his daughters were the only customers present in the store. Donna recognized Gradick, having seen him in the store "a couple of times...." She also testified that she had seen him in another store where she previously worked. At that time, Gradick did not know Donna's name.
Donna testified that while Gradick was in the store he talked to her about drinking a lot the night before, but in her opinion he did not appear drunk. After Gradick paid for the purchases, they left the store and got into their car. Gradick did not leave, but walked back into the store by himself, holding a long pea and talking about Miracle Gro. Donna stated that Gradick held the pea with both hands, while he raised his shirt up and placed his penis on the store counter. She turned her head, and Gradick left the store without additional comments.
A second customer entered the store, and Donna recounted the incident when the telephone rang with a call from her mother. After they spoke, Donna called the police. She testified that she found Gradick's actions to be very offensive.
On cross-examination, Donna testified that she saw Gradick place his genitals on the counter. She turned her head, and he exited. However, Donna failed to demonstrate how Gradick placed his penis on the counter. Later Donna admitted that she did not see Gradick place his penis on the counter with his hand. In actuality, Gradick was leaning against the counter when his penis was exposed. Throughout the incident, Donna testified that Gradick continued to hold the pea and talk about Miracle Gro.
The state called Maddie Sue Albert ("Maddie"), Donna's mother, as a witness. Maddie testified that she frequently called her daughter throughout the day while she worked. When Maddie called Donna on July 31, 1994, Donna told her mother that she had just been flashed. Maddie testified to their conversation where Donna stated "... mama, something terrible just happened." When Maddie questioned her daughter, Donna responded, "I was just flashed.". Maddie could tell that her daughter was upset by the tone of her voice, and she told Donna to call the police. Maddie testified that Donna told her that the event had just occurred, and that she and Donna remained on the phone around five minutes.
The two deputies who investigated after the initial call to the sheriff's office testified on behalf of the state.
Deputy Terry Halbrooks identified Gradick as the individual he interviewed on August 1, 1994. At the interview, Gradick was advised of his rights, and questioning began. Gradick stated that he knew where Betty's Grocery was located, and he frequented it, but he had not been there on July 31, 1994. Gradick agreed to accompany the deputies to the court annex building for further questioning. During that questioning, he indicated that he had been at the store on that date. Halbrooks testified that the defendant denied exposing himself, but stated it was possible that he did not have on underwear, and his zipper may have been unzipped. But Gradick denied that he intentionally "pulled out" his genitals in front of Donna.
Deputy Gary Carver testified that he read Gradick a waiver of rights form which Gradick signed prior to making a voluntary recorded statement. The deputy testified that Donna initially told the deputies that Gradick placed his penis and scrotum on the store counter and asked her if she could make it grow. However, Donna failed to testify to this fact at the trial. Carver further stated that Donna recognized Gradick instantly when she was shown a photographic lineup.
In presentation of its case, the defense presented testimony of Gradick and two of his daughters.
Gradick testified that he went to Betty's Grocery on July 31, 1994, to buy gas and show Jackie (the store owner) a two-foot one *1073 inch pea that he had grown in his garden. Gradick attested that he had the pea when he got out the car, and the children remained in the store with him the entire time. Gradick testified that he had not worn underwear since 1964. He denied exposing himself to Donna, and stated she did not say anything to him about his zipper nor did she exhibit any signs of shock. He did admit that he leaned against the counter, but he adamantly denied intentionally exposing himself, or any knowledge of accidentally exposing himself.
Bethel Gradick ("Bethel"), the defendant's daughter, testified that she and her two sisters went to Betty's Grocery with their father on July 31, 1994. Bethel stated that her father had the garden pea in his hand when he exited the car, and he did not go back to the car anytime before they left the store. Bethel further stated that her father showed Donna the garden pea and said "this is what Miracle Gro can do for a garden pea." Bethel testified that she was standing next to her father at the counter when he paid for the items. She did not see her father expose his genitals to Donna, and she did not observe any unusual reactions from Donna.
Catherine Gradick ("Catherine"), the defendant's nine-year-old daughter, testified that her father took her and her sisters to get candy at Betty's Grocery. When they got out of the car, her father had a green colored bean from the garden with him. Catherine stated she and her sisters got the things they wanted to purchase, and when they went to the counter, her dad was talking with "that lady" about the bean. Catherine testified that she, her sisters, and her father left the store at the same time, and her dad did not re-enter the store.

DISCUSSION
On appeal, Gradick asserts one assignment of error, that a reasonable jury could not have convicted him under the standards of Jackson v. Virginia.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (1992).
La.R.S. 14:106 A(1) states in pertinent part,
The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipple in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to the prurient interest or is patently offensive. State v. Arabie, 507 So.2d 859 (La.App. 5th Cir. 1987).
The elements of the crime required the state to prove (a) the defendant exposed his genitals in public, and (b) the exposure was done either with (1) the intent of arousing sexual desire or (2) it appealed to the prurient interest or (3) it was patently offensive. State v. Bias, 461 So.2d 500 (La.App. 3d Cir.1984).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const., art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). Therefore, a reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Carey, et al., 628 So.2d 27 (La.App. 2d Cir.1993); State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986); State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied, 462 So.2d 189 (La.1984).
In a case of obscenity, [a] victim's or witness's testimony is sufficient to establish that *1074 an obscene public exposure occurred. State v. Alexander, 602 So.2d 291 (La.App. 2d Cir. 1992) citing State v. Magee, 517 So.2d 464 (La.App. 1st Cir.1987); State v. Arabie, supra.
Therefore, this case looks towards determining the credibility of witnesses, a function of the trier of fact and not the appellate court. State v. Williams, supra; State v. Rogers, supra. The testimony of Donna, if believed by the trier of fact, is sufficient to establish the essential elements of the charge. Donna testified that she was at work at Betty's Grocery, a public place, when the defendant exposed himself by placing his penis on the store counter. She further testified that she found Gradick's actions to be offensive.
The defense presented the testimony of Gradick's daughters. They contended that they were in the store with their father the entire time, and did not see him expose himself to the victim. Gradick testified that he did not enter the store by himself, and he did not intentionally expose himself though his accidental exposure was a possibility as he did not wear underwear, and his zipper could have been unzipped.
Although Gradick contends that he did not intentionally expose himself to Donna, the jury chose to believe Donna's testimony rather than that of the Gradick and his daughters. Affording deference to the jury's credibility determination of the witnesses, it is submitted that the prosecution established the essential elements of the crime beyond a reasonable doubt.
This assignment is without merit.

CONCLUSION
For these reasons, we affirm the conviction and sentence of Larry Ross Gradick.
AFFIRMED.