760 So.2d 536 (2000)
STATE of Louisiana
v.
Oneil GILBERT.
No. 99-KA-315.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
*537 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Katherine M. Franks, Baton Rouge, Louisiana, Attorney for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Defendant Oneil Gilbert appeals his conviction and sentence for obscenity under La. R.S. 14:106. We affirm the conviction and remand for resentencing due to an error in the habitual offender proceedings.
On April 16, 1998, the Jefferson Parish District Attorney filed a bill of information charging Gilbert with obscenity, alleging that on April 2, 1998, he exposed himself in a public place. Gilbert was arraigned and pled not guilty.
On June 25, 1998, Gilbert filed a motion to appoint a sanity commission for a determination of his competency to stand trial. Following a sanity hearing, the parties stipulated to the doctor's report, and the judge found Gilbert competent to stand trial.
Gilbert filed various pre-trial motions, including a motion to suppress his confession. That motion was heard and denied out of the jury's presence. At the beginning of voir dire, the State amended the bill of information to make the obscenity allegations more specific. In response, Gilbert objected and moved for a mistrial, and the court denied the motion. Gilbert was tried by a six-person jury on November 5, 1998, following which trial the jury returned a verdict of guilty as charged.
Gilbert filed a motion for post-verdict judgment of acquittal which was denied. On that same day, the court sentenced Gilbert to three years at hard labor. Gilbert orally objected to the sentence and filed a written Motion for Appeal, as well as a Motion to Reconsider Sentence which was denied. The State announced its intention to file habitual offender proceedings.
Gilbert admitted to the allegations in the habitual offender proceedings. The trial court thereafter vacated his original sentence of three years and sentenced him as a second felony offender to three years at hard labor without benefit of probation or suspension of sentence. The judge further advised Gilbert that he would have three years from the day his sentence became final in which to apply for post-conviction relief.
Because of the nature of the assignments of error, we do not address the testimony as to the facts of the instant offense. Gilbert alleges in his first assignment of error that the trial judge erred in failing to grant a mistrial on the defense motion when the State amended the bill of information following the commencement of trial.
The bill of information in this case originally alleged that defendant
[O]n or about the 2 nd day of April of the year of our Lord, One Thousand Nine Hundred Ninety-Eight with force of arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated R.S. 14:106 in that he, did intentionally expose in a public place or place open to public view with the intent to arouse sexual desire in a manner which appeals to prurient interest and is patently offensive, contrary to the form of the Statute of the State of Louisiana, and *538 against the peace and dignity of the State.
After the first panel of jurors had been seated and sworn, and one prospective juror briefly questioned by the court and the defense attorney, the State requested permission of the court to amend the bill of information. The court allowed the amendment, overruling an objection by the defense. Gilbert requested a mistrial, and the court denied the motion. The bill of information, as amended, alleged that Gilbert
[O]n or about the 2nd day of April of the year of our Lord, One Thousand Nine Hundred Ninety-Eight with force of arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated R.S. 14:106 in that he, did intentionally expose his genitals, pubic hair, anus, vulva or female breast nipples in a public place or place open to public view with the intent to arouse sexual desire in a manner which appeals to prurient interest and is patently offensive, contrary to the form of the Statute of the State of Louisiana, and against the peace and dignity of the State.
(Italics supplied).
Gilbert argues that the trial court erred in allowing the State to make a substantive change in the bill of information after the commencement of trial, when it should have declared a mistrial under La.Code Crim. P. art. 487. Article 487(A) provides:
An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
A jury trial begins when the first prospective juror is called for examination. La.Code Crim. P. art. 761. In the present case, under article 761, the trial had begun and if there was a substantive defect in the bill of information, the State should not have been allowed to correct it at that point. However, we find the amendment was one of form rather than substance.
Article I, § 13 of the Louisiana Constitution provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement is intended to protect the accused's right to prepare a defense and exercise fully his right of confrontation.[1] The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence.[2] Accordingly, the State may not substantively amend a bill of information to charge a new offense once trial has begun.[3] The original version of the bill of information contained sufficient information to put Gilbert on notice of the crime with which he was charged. The amendment did not change the charged offense, but simply gave more specific information about the conduct in which Gilbert was alleged to have engaged. The amended *539 portion tracked the language of La. R.S. 14:106A(1), a portion of the statute originally cited in the bill.
Upon a showing of prejudice by an amendment to a bill of information, La. Code Crim. P. art. 489 provides relief for a defendant in the form of a trial continuance rather than a mistrial. The purpose of a continuance is to prevent prejudicial surprise to defendant.[4] Both at trial and on appeal, Gilbert has failed to show or allege how the amendment prejudiced his defense, other than stating that the amendment was made at the last minute. For the above reasons, we find that the trial court did not err by allowing the bill of information to be amended.
Gilbert also alleges that the trial judge erred in failing to advise him of the prescriptive delays within which to file for post conviction relief set by La.Code Crim. Pro. art. 930.8. The record discloses that Gilbert is correct. Article 930.8, which was amended effective August 15, 1999, shortened the prescriptive period from three years, as provided for at the time of Gilbert's sentencing, to two years. The application of the amended prescriptive period in this case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment.[5]
In such situations, this court has generally directed the district court to inform a defendant of the correct provisions of this article by sending appropriate written notice to him within ten days of the rendering of the opinion, and then to file written proof in the record that said notice was received. However, in light of the following defect in the habitual offender proceedings this action is unnecessary.
In the habitual offender bill, the State alleged Gilbert was the same person who was convicted on April 18, 1998 of forcible rape in case number 87-1815 in Division "G" of the Twenty-Fourth Judicial District Court. On June 17, 1999, the State amended the habitual offender bill to show that the conviction for the predicate offense was obtained on April 10, 1999. On that day the trial judge informed Gilbert of his right to a contradictory hearing on the habitual offender bill, as well as his right to remain silent. Gilbert then indicated that he wished to waive those rights and admit to the allegations in the habitual offender bill. The court accepted Gilbert's admission.
The trial court thereafter vacated Gilbert's original sentence of three years and sentenced him as a second felony offender to three years at hard labor without benefit of probation or suspension of sentence. The judge further advised Gilbert that he would have three years from the day his sentence became final in which to apply for post-conviction relief.
The habitual offender bill of information contains a legal defect. In the bill of information, Gilbert was charged with having committed the instant offense, obscenity, on April 2, 1998. The habitual offender bill of information, as amended, alleges that the defendant was convicted of the prior felony, forcible rape, on April 10, 1998.
La. R.S. 15:529.1A(1) provides, in part:
Any person who, after having been convicted within this state of a felony... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows...
The Louisiana Supreme Court has determined that La. R.S. 15:529.1 contains a sequential requirement for enhanced penalties in the sentencing of habitual offenders.[6] *540 The court reasoned, "[t]he cornerstone of that scheme is that felons graduate to second offender status, not by committing multiple crimes, but by committing a crime or crimes after having been convicted."[7]
Although the instant conviction was obtained after the arrest for the predicate felony, the instant offense was committed prior to the conviction for the predicate offense. Since the conviction for the predicate offense did not occur prior to the commission of the instant offense, the required sequential order is not in place. Although Gilbert admitted to being a habitual offender, he is not in fact a habitual offender under the provisions of La. R.S. 15:529.1 and the prior conviction cannot be used to enhance his sentence.
Accordingly, Gilbert's conviction for obscenity is affirmed. His adjudication as a second felony offender is vacated. The case is remanded so that the defendant can be re-sentenced as a first offender.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[1] State v. Johnson, 93-0394 (La.6/3/94), 637 So.2d 1033,1035.
[2] State v. Marcal, 388 So.2d 656 (La.1980); State v. Meunier, 354 So.2d 535 (La.1978).
[3] State v. Bluain, 315 So.2d 749 (La.1975); State v. Ignot, 29,745 (La.App. 2nd Cir. 8/24/97) 701 So.2d 1001.
[4] State v. Schaefer, 97-465 (La.App. 5th Cir.11/25/97), 704 So.2d 300, 303; State v. Guidroz, 98-377, p. 16 (La.App. 5 Cir. 10/14/98), 721 So.2d 480, 488, writ denied, 98-2874 (La.2/26/99), 738 So.2d 1061.
[5] See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1201; State v. Boles, 99-662 (La.App. 5th Cir. 11/10/99), 750 So.2d 1059.
[6] State ex rel. Mims v. Butler, 601 So.2d 649, 653-655 (La.1992), on reh'g. See also, State v. Newman, 99-841 (La.App. 5th Cir. 12/15/99), 750 So.2d 252; State v. Metoyer, 612 So.2d 755, (La.App. 5th Cir.1992).
[7] State ex rel. Mims v. Butler, 601 So.2d at 650.