788 So.2d 574 (2001)
STATE of Louisiana
v.
Oneil GILBERT.
No. 00-KA-1822.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 2001.
*575 Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Appellant Oneil Gilbert.
Paul D. Connick, Jr., District Attorney, Thomas J. ButlerCounsel of Record on Appeal, Terry M. BoudreauxAppellate Counsel, Donald Rowan, Jr.Trial Counsel, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
CANNELLA, Judge.
Defendant, Oneil Gilbert, appeals from his enhanced second felony offender sentence of six years imprisonment at hard labor without benefit of probation or suspension of sentence.[1] For the reasons which follow, we affirm.
This Court has previously considered Defendant's conviction and sentence for his commission of the crime of obscenity, in violation of La. R.S. 14:106. State v. Gilbert, 99-0315 (La.App. 5th Cir.4/25/00), 760 So.2d 536. This Court therein affirmed Defendant's conviction, finding that the evidence was sufficient to establish that he exposed himself to a female patron in a Taco Bell restaurant. The six year sentence imposed pursuant to the finding of Defendant as a second felony offender was, however, vacated upon finding a fatal error in the habitual offender bill of information. State v. Gilbert, supra.
On remand, the State filed an amended habitual offender bill of information on June 13, 2000. The next day, June 14, 2000, the district court judge re-sentenced the Defendant on the obscenity conviction to the maximum sentence of three years *576 imprisonment at hard labor. Thereafter, on July 19, 2000, the Defendant waived his rights and entered an admission to the allegations in the habitual offender bill of information. The trial court accepted the Defendant's admission and found him a second felony offender. The trial court then vacated the Defendant's three year sentence, and again, without reasons, imposed the maximum enhanced sentence, six years without benefit of probation or suspension of sentence. The Defendant filed a Motion to Reconsider Sentence which was denied by the trial court. It is from the enhanced sentence that Defendant appeals and assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE
The Defendant argues that the enhanced sentence is constitutionally excessive considering the circumstances of the case and the comparative jurisprudence. Further, he argues that the trial judge provided no reasons to support the imposition of the maximum sentence.[2]
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution of 1974 prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La.1991). Even a sentence which falls within statutory limits may be excessive under certain circumstances. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Short, 00-K-866 (La.App. 5th Cir.10/18/00), 769 So.2d 823.
The Defendant received the maximum enhanced sentence for his offense. La. R.S. 14:106 G(1); La. R.S. 15:529.1 A(1)(a). A maximum sentence under the habitual offender statute is reserved for the worst type of offender. State v. Hills, 98-0507 (La.App. 4th Cir.1/20/99), 727 So.2d 1215. In sentencing a defendant, the trial court should state for the record the considerations taken into account and the factual basis therefore. La.C.Cr.P. art. 894.1 C. However, where the record clearly shows an adequate factual basis for the sentence imposed, remand for re-sentencing is unnecessary, even where there is not full compliance with article 894.1. State v. Sanders, 98-609, p. 4, (La.App. 5th Cir.12/16/98), 728 So.2d 470, 472.
The Defendant contends that there is nothing in the record to support that he is the "worst type of offender." Further, he complains that the trial judge did not consider the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and that he did not particularize the sentence to the facts of the case.
As the Defendant asserts, the trial court did not specify any reasons for imposing the maximum sentence. However, the trial court was familiar with the underlying facts of the instant offense, as well as Defendant's entire record.
The record shows that the Defendant committed a previous sex offense, forcible rape, the underlying felony, supporting the Defendant's status as a second offender. The record also indicates that the Defendant, as a juvenile committed the offense of simple robbery and was charged with robbery along with the forcible rape. The *577 forcible rape occurred in 1987 when the Defendant was 17 years old, and Defendant pled guilty to this offense on April 18, 1988. He spent a little more than 10 years in prison for the offense and had only been out of prison about 18 months when he was arrested for the instant offense. Thus, the Defendant spent most of his adult life in prison.
With the commission of the instant offense, the Defendant's record demonstrates that his previous term of imprisonment did not serve to either rehabilitate him or to deter him from committing sexual acts against women.
Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. The trial judge may consider not only convictions, but past criminal activity which did not result in a conviction. State v. Bowers, 99-416, p. 6, (La.App. 5th Cir.9/28/99), 746 So.2d 82, 86.
The Defendant cited several cases in his brief to this Court which he contends support his argument that his habitual offender sentence is constitutionally excessive. He argues that the defendants in each of these cases received the same or a lesser sentence than he, although their acts were more egregious than the conduct that led to his own conviction. State v. Mequet, 96-238 (La.App. 5th Cir.8/28/96), 680 So.2d 98; State v. Allo, 510 So.2d 14 (La.App. 5th Cir.1987), writ denied, 514 So.2d 1174 (La.1987); State v. Rodriguez, 98-2574 (La.App. 4th Cir.2/16/00), 753 So.2d 339; State v. Alexander, 602 So.2d 291 (La.App. 2nd Cir.1992), writ denied, 92-2674 (La.4/22/94), 637 So.2d 151; State v. Baker, 97-2856 (La.App. 4th Cir.3/3/99), 729 So.2d 167; State v. Gradick, 29,231 (La.App. 2nd Cir.1/22/97), 687 So.2d 1071.
This Court considered the cases cited by the Defendant and, while it is true that some of the defendants received lesser sentences than here, the cases are distinguishable and do not support Defendant's argument that his sentence is clearly excessive. First, only Rodriguez was a multiple bill like the Defendant herein. Rodriguez and the Defendant both received the maximum enhanced sentence. Second, in Baker, supra, Gradick, supra, and Mequet, supra, the defendants in these cases did not have a prior criminal record, as does the Defendant herein. Third, the defendant in Allo, supra, was only convicted of attempted obscenity. And finally, Alexander, supra, was sentenced to the maximum for the offense, although he was not a multiple bill. The Defendant argues that the defendant in Alexander was a much worse offender than Defendant herein because he had 23 other arrests and convictions on his record. The Defendant's prior conviction for forcible rape, coupled with his release from prison some 18 months following 10 years incarceration before he committed the instant offense, do not suggest to this Court that the sentence is grossly out of proportion to the severity of the crime. Therefore, we find that the record supports the trial judge's decision to impose the maximum sentence on this Defendant.
The Defendant suggests that the trial court should have taken into account his mental state as a mitigating factor in sentencing. The record indicates that the Defendant had only a seventh grade education and was often in remedial classes. He cannot read or write at this time. He was diagnosed as "suffering from a mental disease or defect best characterized as low intelligence and symptoms of depression." This information was in the record and there is no indication that the trial judge was not cognizant of it at the time that he imposed sentence. Therefore, we find that the record supports the sentence imposed *578 by the trial court and it is not constitutionally excessive.

ASSIGNMENT OF ERROR NUMBER TWO
The Defendant argues that his sentence is illegal because it was imposed with the limitation that it be without benefit of parole, a limitation not included in La. R.S. 15:529.1 G. He points to the commitment dated July 19, 2000, which states that the sentence is "to be served without benefit of parole, probation, or suspension of sentence."
Defendant correctly notes that subsection G of the habitual offender statute does not include the limitation that the sentence be imposed without benefit of parole. The State concedes this point. Further, the sentencing provisions of the obscenity statute do not require a restriction on parole privileges.
However, as acknowledged by the Defendant, the sentencing transcript shows that the trial judge properly imposed the Defendant's sentence "without benefit of probation or suspension of sentence with the Department of Corrections." The parole limitation was not imposed. It is well settled that where the transcript conflicts with the minute entry, it is the transcript which prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Short, 00-866, p. 14, (La.App. 5th Cir.10/18/00), 769 So.2d 823, 832.
Thus, we find merit in the Defendant's argument that the minute entry/commitment which specifies Defendant's sentence is in error. We order the case remanded to the trial court and, on remand, further order that the minute entry/commitment be corrected to reflect the actual sentence imposed, as provided in the sentencing transcript, "... without benefit of probation or suspension of sentence ..."

ERRORS PATENT DISCUSSION
The record of Defendant's second habitual offender proceeding and sentencing was reviewed for errors patent. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals no patent errors.
Accordingly, the Defendant's sentence as a second felony offender to six years imprisonment at hard labor, without benefit of probation or suspension of sentence, with credit for time served, is affirmed. The case is remanded to the district court for correction of the minute entry/commitment as ordered above.
SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] The commitment provides that the sentence was imposed without benefit of parole, probation or suspension of sentence. However, according to the transcript the trial court only ordered that the sentence be served without benefit of probation or suspension of sentence. The commitment is ordered corrected, infra. Assignment of Error Number Two, to reflect the sentence imposed by the trial judge.
[2] The State argues that the six year sentence of imprisonment at hard labor was the result of a plea agreement and, thus, cannot be challenged on appeal. However, we do not find this in the record, which indicates that the Defendant was simply advised what sentence would be imposed. Under these circumstances we do not find that this prevents consideration of the Defendant's arguments regarding the excessiveness of his sentence.