ROBERT A. CHAISSON, Judge.
^Defendant, David C. Guidry, appeals his conviction and sentence for carrying a concealed weapon, in violation of LSA-R.S. 14:95.1. For the reasons that follow, we find no merit to the arguments presented in defendant’s appeal and accordingly affirm his conviction and sentence.

STATEMENT OF THE CASE

The Jefferson Parish District Attorney filed a bill of information charging defendant with a violation of LSA-R.S. 14:95.1, “in that he concealed on his person a bowie knife and/or axe, having been previously convicted of the crime of Attempted Car *1064 jacking, ...”[1] On January 12, 2012, the matter proceeded to trial before a twelve-person jury which found defendant guilty as charged. The trial court, on January 19, 2012, sentenced defendant to twelve years imprisonment at |ahard labor, without benefit of parole, probation, or suspension of sentence. Defendant now appeals.

FACTS

In the evening hours of September 24, 2011, the Kenner Police Department received three 9-1-1 calls reporting incidents involving an individual, subsequently identified as defendant, who was wearing a camouflage shirt. In one call, a woman at Brothers Food Mart on Veterans Boulevard reported that an older man, dressed in an orange and green camouflage shirt, shorts, and white socks, was yelling, calling people names, and threatening to “cut everyone up because no one would give him a ride.” A second individual at Brothers Food Mart also called the Kenner Police Department and advised that a white hispanic man, in a camouflage shirt, was headed on foot towards Williams Boulevard “causing problems.” Lastly, Reginald Joseph called the Kenner Police Department and reported that a man, wearing a camouflage shirt and located at Veterans Boulevard and Bain-bridge, had brandished a bowie knife with a twelve-inch blade that he had in his pants.
Mr. Joseph testified at trial regarding the incident that prompted his call to the police. According to Mr. Joseph, on the evening of September 24, 2011, his vehicle stalled in the area of Veterans Boulevard and Virginia Street, right off of Bain-bridge. While Mr. Joseph was trying to restart his vehicle, defendant approached his car, opened the door, and entered the vehicle. Mr. Joseph shouted at defendant to get out of his car, prompting defendant to slam the door, spit on his window, and walk away. Mr. Joseph restarted his car, approached defendant as he walked away, and shouted, “[h]ey, that wasn’t cool what you did.” At that time, Mr. Joseph testified that defendant looked at him, lifted up his shirt, pulled out a knife, and pointed it in his direction. During his testimony, Mr. Joseph stated that|4he did not see any weapons on defendant prior to him lifting his shirt. Further, he recalled that defendant, at the time of the incident, was wearing an orange camouflage shirt and shorts that were “extremely long” and “past the knee.”
On the evening of September 24, 2011, Officer Brent Donovan, of the Kenner Police Department, responded to the call about a man brandishing a knife at a motorist. Upon approaching the scene, Officer Donovan observed a pedestrian, walking down Veterans Boulevard, who matched the description of the perpetrator. Simultaneously, a motorist flagged Officer Donovan down, pointed towards the pedestrian, and identified him as the perpetrator. Officer Donovan approached defendant, and due to the nature of the call, immediately handcuffed him and asked him whether he had any weapons on his person. Defendant told Officer Donovan that he did have a weapon and motioned towards his waistband. Upon lifting defendant’s shirt, Officer Donovan observed the “top blade of an axe ... resting on top of his waistband of his pants ... running down his left leg.” Officer Donovan removed the axe from defendant’s pants and then asked if he had any other weapons on him. Defendant replied in the affirmative and indicated it was on his hip. The officer lifted defendant’s shirt and observed “a big buck *1065 knife” in a sheath on his hip. According to the officer, the weapons were covered by defendant’s shirt, and he did not observe the weapons until he lifted the shirt.
During his testimony, Officer Donovan identified the knife and the axe as the weapons he retrieved from defendant. He testified that the length of the knife blade was approximately eight and a half inches and that the axe was a “little over two feet.” Officer Donovan further identified the shirt and pair of pants that defendant was wearing at the time of his arrest.[2] Using his own clothing, Officer |sDonovan then demonstrated for the jury the manner in which the weapons were concealed.
Officer Lance Bullock, of the Kenner Police Department, also responded to the call concerning a man with a knife in the area of Veterans Boulevard and Bain-bridge. By the time he arrived at the scene, Officer Donovan had already detained the suspect and recovered the two weapons. While at the scene, Officer Bullock spoke to Reginald Joseph, who identified defendant as the man who had pulled on the door handle of his car and brandished a knife.

LAW AND ANALYSIS

In his sole assignment of error, defendant argues that the trial court prevented him from presenting a defense when it refused to grant him permission to don the clothing worn by him on the night of the incident and introduced into evidence at trial.
At the conclusion of the witnesses’ testimony, the State rested and moved that the evidence be published to the jury. After the jury had the opportunity to view the evidence, a brief recess was taken. During the recess and prior to closing arguments, a discussion between the parties ensued regarding the arranging of defendant’s clothing for viewing during closing arguments. Specifically, the State submitted that it intended to lay the clothing out on the floor in a manner consistent with the way a human being would have worn the clothing. Defendant objected to the display as an unrealistic representation and proposed that he be permitted to wear the clothing as a demonstrative aid. After considering further argument, the trial court allowed the State to lay the clothing on the floor, but denied defense counsel’s request to have defendant wear the clothing. In explaining its ruling, the trial court stated as follows:
| [Alright. And just — my ruling was based on this. I think that when the clothes were laid out on the floor with the — with the knife and the axe and the clothes, or hidden in the clothes, I mean that’s demonstrative of — it can be clearly as we all recognize, it can be played with by both the State and the defendant. We can raise the shirt up, we can put the shirt down, we can — I mean we can do all kinds of things with it. I’m afraid — but I don’t think it’s prejudicial laying on the floor as a demonstrative aid as it would be if the defendant put them on. I mean clearly, they can be played with the same way. I mean you can pull your pants up right under your breast or you could put them down to you know right above your pubic area. Anybody can do that with their shorts, so my fear is in this case, you know, somebody with — not seeing the defendant actually wear the clothes at the time of the occurrence is — would carry too much weight as a demonstrative aid. Because it could be excused. That’s why I ruled the way I did. I’m not *1066 prohibiting you all from using the clothes to put him on the floor however you want demonstratively. So that’s my ruling.
Defendant now challenges this ruling. He maintains that, without the demonstration of how he was clothed at the time of the incident, the jury was unable to properly evaluate the central issue of whether the weapons were concealed. Defendant contends that the trial court’s ruling, which prohibited him from wearing the clothing, prevented him from showing that the axe and the large Bowie knife could not have been concealed under his clothing.
Both the Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution guarantee a criminal defendant the right to present a defense. However, this right does not require a trial court to permit the introduction of evidence that is irrelevant or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. State v. Ramirez, 09-350 (La.App. 5 Cir. 12/29/09), 80 So.3d 833, 843.
Relevant evidence is defined by LSA-C.E. art. 401 as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” All relevant evidence is admissible, except as otherwise provided by law. LSA-C.E. art. 402. Although evidence is relevant, it may be |7excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. LSA-C.E. art. 403.
It is well settled that the requirement of exhibiting identifying characteristics is demonstrative, rather than testimonial evidence, and is not violative of the Fifth Amendment right against compulsory self-incrimination. State v. Martin, 519 So.2d 87 (La.1988), appeal after remand, 558 So.2d 654 (La.App. 1st Cir.1990), writ denied, 564 So.2d 318 (La.1990); State v. Gilmer, 604 So.2d 117 (La.App. 2 Cir. 1992). The use of demonstrative evidence is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of an abuse of discretion. State v. Hutchinson, 02-0060 (La.App. 5 Cir. 5/15/02), 817 So.2d 500, 507; State v. Alexander, 602 So.2d 291, 293 (La.App. 2 Cir.1992), writ denied, 92-2674 (La.4/22/94), 637 So.2d 151.
In State v. Hutchinson, supra, the defendant raised an argument similar to the one raised herein. In that case, the defendant, who was convicted of simple robbery, argued on appeal that he was prevented from presenting a defense at trial because he was precluded from trying on the jeans he was wearing at the time of the crime. This Court found that the trial judge’s refusal to allow the requested demonstration was not in error. This Court reasoned that the evidence that the defendant sought to introduce through the demonstration (that he could not fit in the jeans on the day of trial) was irrelevant. In so ruling, this Court noted that, by the defendant’s own admission, the State proved at trial, through the testimony of various witnesses, that the defendant was wearing those particular jeans on the day he committed the crime. Additionally, although the trial court did not allow the defendant to put on the jeans, he allowed defense counsel during closing argument to hold up the blue jeans and allowed the defendant to stand up at the same time, ^although not next to each other, so the jury could compare the size of the jeans to the defendant’s body. In finding no merit to the defendant’s argument in Hutchinson, su *1067 pra, this Court concluded that even though the demonstration was excluded, the defendant was still permitted to argue that the jeans in question could not fit him.
Also, a similar argument was made by the defendant in State v. Alexander, supra. In that case, the appellate court found no abuse of the trial court’s discretion in denying the defendant’s request to wear shorts in iront of the jury that were allegedly identical to those he was wearing at the time of his arrest. In so ruling, the appellate court noted that the defendant no longer had the shorts he was wearing, that such a demonstration was not in good taste, and that the police officers testified at trial that the defendant was exposed. Therefore, the court concluded that a demonstration by the defendant, who was convicted of obscenity, was not necessary to enable the fact-finder to determine whether he had exposed himself.
Likewise, in the present case, we find no error in the trial court’s ruling which refused defendant’s request to put on the clothing that was worn at the time of the offense. At trial, it was uncontested that defendant wore the camouflage shirt and the shorts introduced at trial on the night of the incident. Reginald Joseph testified that defendant was wearing an orange camouflage shirt and shorts that were “extremely long” and “past the knee.” In addition, Officer Donovan testified that the perpetrator was described over the radio as wearing a camouflage shirt. During his trial testimony, the officer identified the shirt and pants that defendant was wearing at the time of his arrest. These items were thereafter introduced into evidence without any objection by defense counsel.
|9Moreover, although the trial judge did not allow defendant to put on the clothing, he did allow the clothing to be laid out on the floor for the jury to view. The trial court permitted defendant to arrange the clothing in any manner he saw fit. Defense counsel was not precluded from laying the shorts out on the floor, alongside the knife and the axe, so the jury could compare the size of the shorts and the weapons. Not only was defense counsel allowed to manipulate the clothing, he was also afforded the opportunity to cross-examine the witnesses about the clothing worn by defendant, the manner in which the clothing was worn, and the lighting conditions on the night of the incident. During cross-examination, defense counsel also questioned Officer Donovan about the measurements of the weapons.
Our review of the record reveals that the trial court clearly afforded defendant his right to present a defense through questioning of the witnesses, through argument, and through manipulation of the clothing. Even though the demonstration was excluded, defendant was still permitted to argue that the weapons could not have been concealed under the clothing that he was wearing at the time of the incident. Accordingly, we find no error in the trial court’s ruling which denied defendant’s request to don the clothing.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent pursuant to LSA-C.Cr.P. art. 920. Our review reveals that the trial court failed to impose the mandatory fine of not less than one thousand dollars nor more than five thousand dollars as required by LSA-R.S. 14:95.1(B). This Court has the authority to correct an illegal sentence at any time. LSA-C.Cr.P. art. 882. However, this authority is permissive rather than mandatory.
In State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842, *1068 this Court noted defendant’s indigent status and declined to correct an illegally lenient sentence where the district court failed to impose a mandatory fine. In the present case, due to defendant’s indigent status,[3] we refrain from exercising our authority to correct the illegally lenient sentence.
Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence.

AFFIRMED

. At trial, defendant stipulated to his predicate felony conviction.

. The knife and the axe were introduced into evidence. The shirt and pants worn by defendant on the night of the incident were also introduced into evidence.

. It is noted that defendant is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases.