711 So.2d 756 (1998)
STATE of Louisiana
v.
Jerry HAMMOCK.
No. CR97-1164.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
J. Reed Walters, Dist. Atty., Walter Evans Dorroh, Jr., Assistant Dist. Atty., for State.
Edward K. Bauman, Lake Charles, for Jerry Hammock.
Before YELVERTON, THIBODEAUX and PETERS, JJ.
PETERS, Judge.
The defendant, Jerry Hammock, was convicted of carnal knowledge of a juvenile, a violation of La.R.S. 14:80, and was sentenced by the trial court to serve five years at hard labor. He appeals his conviction and sentence, asserting that the evidence presented at trial was insufficient to sustain his conviction and that the sentence imposed by the trial court is unconstitutionally excessive. For the following reasons, we affirm the conviction and sentence in all respects.
The defendant first asserts that the evidence adduced at trial was insufficient to support his conviction. He was charged by bill of information with a violation of La.R.S. 14:80, which provides in part:
A. Carnal knowledge of a juvenile is committed when:
(1) A person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender.
*757 The defendant contends that the state failed to prove beyond a reasonable doubt that sexual intercourse actually occurred.
The victim, Y.P., testified at trial that she had known the defendant for approximately two years prior to the crime and that they attended the same church. She and the defendant had regular telephone conversations, and during one of those conversations on the evening of May 11, 1996, she agreed to sneak out of her house and meet with him.
Y.P. testified that at 1:00 a.m., on the morning of May 12, 1996, she did sneak out of her house, and the defendant picked her up. They drove to a nearby location and engaged in consensual sexual intercourse on the hood of the car. She testified that this was her first sexual experience and that penetration did occur. Y.P. was apparently on her menstrual cycle at the time, and she stated that the defendant wiped blood off the car with his shirt. She also testified that her shoulder was bruised by one of the windshield wiper blades of the car.
Initially, she told no one about the incident. However, several days later, she confided in her sister-in-law, Crystal Pritchard, who told Y.P.'s brother, who told Y.P.'s parents. The evidence at trial established that, on May 12, 1996, the defendant was twenty years of age and Y.P. was fifteen and that the couple was not married to each other.
Dr. Vincent Vincent, a gynecologist, examined Y.P. on May 29, 1996, or more than two weeks after the incident. He appeared on behalf of the state and testified that, based on his examination, he was of the opinion that Y.P. had previously engaged in sexual intercourse, but only once or twice. A second gynecologist, Dr. Mary Kennison Henderson, testified on behalf of the defendant. She examined Y.P. on May 20, 1996, and concluded that the trauma to Y.P.'s hymen could have been caused by sexual intercourse, an accident, or trauma of another nature. However, when questioned by the state, she acknowledged that she thought that the condition was probably caused by sexual intercourse.
Crystal Pritchard testified and confirmed that Y.P. had related the incident to her a few days after it allegedly took place. She testified that she later talked to the defendant at church at which time he asked her if she had told anyone about "it." According to Ms. Pritchard, the defendant asked her the question again in a subsequent telephone conversation. She testified that she understood "it" to mean sex. On both occasions she replied to the defendant that she had not told anyone. Ms. Pritchard testified that during the telephone conversation, the defendant apologized for the incident but stated that he would "probably do it again." Although she was confused about the date on which the defendant communicated the information to her, Virginia Barron also testified that the defendant told her that he and Y.P. had sex on May 12, 1996.
The victim's mother testified that one week prior to the alleged incident, the defendant telephoned her and asked permission to date her daughter, and she refused permission. Reverend Joey Van Paul, the pastor of the church attended by Y.P. and the defendant, testified that Y.P.'s mother telephoned him after the defendant requested her permission to date Y.P. According to Reverend Paul, he spoke with the defendant after the present allegations surfaced, and the defendant denied Y.P.'s accusations.
The defendant's grandmother, Earlie Hammock, with whom the defendant was residing, testified as an alibi witness. She stated that the defendant was at home on the night of May 11 and the early morning hours of May 12, and that she did not hear him leave during the night. Two of the defendant's aunts, Christine Wright and Rose Marie Hammock, and the defendant's uncle, Darvin Hammock, testified that the defendant did not borrow one of their vehicles on the night of the crime.
The defendant contends on appeal that Y.P.'s testimony should be examined with caution. He claims that she was obsessed with him and became vengeful when he spurned her. Y.P. admitted that at one time she had a crush on the defendant and that she told the investigating police officers that she loved the defendant. Issues of credibility rest with the trier of fact. In State v. Hongo, 625 So.2d 610, 616 (La.App. 3 Cir. 1993), *758 writ denied, 93-2774 (La.1/13/94); 631 So.2d 1163, this court stated the following:
The trier of fact may accept or reject in whole or in part, the testimony of any witness. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. Thus, in the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion.
(Citations omitted).
See also State v. Boswell, 96-801 (La.App. 3 Cir. 2/12/97); 689 So.2d 627; State v. Henry, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309.
In this case, the trial court was presented with the testimony of the victim which, standing alone, was sufficient to establish that the crime was committed. Furthermore, two witnesses testified that the defendant admitted to them that he engaged in consensual sexual intercourse with the victim. Therefore, we find no merit in the defendant's first assignment of error.
In his second assignment of error, the defendant contends that his sentence of five years at hard labor is unconstitutionally excessive. The maximum penalty for the crime of carnal knowledge of a juvenile is ten years at hard labor. La.R.S. 14:80(C). Therefore, the defendant's sentence falls in the mid-range of the sentences available to the trial court. The trial court is afforded wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). However, a sentence which falls within the statutory limits of the statute may still be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979). For a sentence to be excessive, the penalty must be so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, it is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
In sentencing the defendant, the trial court noted that the defendant had been convicted in 1994 for two counts of distribution of cocaine and was later placed on supervised parole. Additionally, the trial court stated that the defendant "knew or should have known that the victim of the offense was particular[ly] vulnerable due to her youth and that should have been taken into account." The trial court found no mitigating circumstances. The defendant asserts that this conclusion is in error and that mitigating circumstances do exist.
Specifically, the defendant asserts that he too is of a very young age, and that this is a mitigating factor. We find no merit in this argument. La.R.S. 14:80 provides the parameters by which an adult is to be judged when he has sex with one under the age of seventeen. Certainly, an element of the crime cannot be claimed as a mitigating circumstance. As pointed out by the state in brief, the defendant flirted with Y.P., called her when he knew her mother objected, talked her into slipping out of her home in the middle of the night, and used her for his own sexual gratification. This is precisely the type of conduct that La.R.S. 14:80 was intended to punish. The fact that he was twenty years old should have been a consideration of the defendant before he allowed his basic instincts to control his actions with a fifteen-year-old girl.
Given the evidence presented concerning the circumstances of the crime, given the five years difference in age between the defendant and the victim, and given his prior criminal history, we find no error in the trial court's imposition of a five-year sentence at hard labor. Therefore, we find that the defendant's second assignment of error is without merit.

DISPOSITION
For the foregoing reasons, the defendant's conviction and sentence is affirmed in all respects.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
*759 THIBODEAUX, Judge, dissenting in part.
I disagree with the majority's conclusion that the defendant's five-year sentence is not excessive. The defendant was only twenty years of age at the time of the offense, and the victim was fifteen. Although the disparity in their ages is not negligible, this case does not involve a middle-aged defendant and a twelve-year-old victim. Moreover, trial testimony indicated some type of romantic relationship existed between the victim and the defendant. The sexual encounter between the two was consensual and only occurred once, and no evidence of force existed.
State v. Sepulvado, 367 So.2d 762 (La. 1979), to which the majority refers, supports the defendant's position. In Sepulvado, the defendant, eighteen years of age at the time of the offense, was convicted of carnal knowledge of a juvenile. The victim was a fifteen-year-old girl. Applying the prior law under which the statutory maximum sentence for the offense was five years with or without hard labor, the supreme court found the defendant's three and one-half year sentence to be excessive. Although the defendant was an eighteen-year-old first time offender as opposed to the present defendant, a twenty-year-old offender with prior drug convictions, the facts of Sepulvado were similar to the present case as the defendant and victim were romantically involved, and the sexual act was entirely consensual. The supreme court commented as follows on the appropriate sentence for the offense:
... [U]nder some circumstances such as the prior history or criminal dispositions of a certain offender, the particular helplessness of a certain victim, or a particularly vicious method of committing the crime the maximum penalty under the statute might clearly be justified; while the same punishment might be considered excessive if applied to a more typical offender who commits the crime under less gross circumstances.
For instance, a penitentiary sentence of the maximum five years might easily be justified for a mature man who had seduced a frightened and confused twelve-year-old girl, under circumstances falling just short of rape, and who had exhibited similar behavior in the past but showed little hope of reformation. Yet such a penalty might be excessive if applied to a love-struck teenager, of otherwise unblemished character and record, who commits the offense in the course of a teenage romance.
Id. at 766-767.
Under the circumstances of this case, a five-year penitentiary sentence makes no measurable contribution to acceptable penal goals. It is nothing more than the needless imposition of pain and suffering on a misguided young man who could not control his libidinal instincts with a fifteen-year old. I am not unmindful of the defendant's prior drug conviction. However, he was gainfully employed, living with his grandmother, attending church on a regular basis, and, in general, attempting to get his life back in order after being released from boot camp. A five-year sentence is an abuse of the trial court's sentencing discretion. I would, therefore, vacate the defendant's sentence, and remand to the district court for resentencing.
For the foregoing reasons, I respectfully dissent.