781 So.2d 821 (2001)
STATE of Louisiana
v.
Albert SIMMONS.
No. 00-KA-1037.
Court of Appeal of Louisiana, Fifth Circuit.
February 28, 2001.
*822 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Donald Rowan, Assistant District Attorneys, Gretna, Counsel for the state.
Bertha M. Hillman, Hillman Law Firm, Thibodaux, Counsel for defendant-appellant.
Court composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
McMANUS, Judge.
On December 7, 1998, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Albert Simmons, with one count of carnal knowledge of a juvenile in violation of LSA-R.S. 14:80. The bill of information alleged that the incident occurred between January 1996 and December 1997. The bill of information was amended on July 12, 1999 to allege that the incident took place between July 1998 and September 1998.
On December 28, 1998, Defendant pled not guilty at his arraignment. On July 27, 1999, a six-member jury was selected and trial was held. At the conclusion of the trial, the jury found Defendant guilty as charged.
On September 24, 1999, the trial court sentenced Defendant to imprisonment at hard labor for a term of two years. On September 24, 1999, the Jefferson Parish District Attorney filed a multiple offender bill of information alleging that Defendant is a second felony offender. The trial court continued the hearing on the multiple offender bill until February 18, 2000. The record does not contain a finding on the multiple offender bill.
On October 19, 1999, Defendant filed a motion for reconsideration of sentence. *823 The trial court did not rule on defendant's motion to reconsider and continued the motion until the completion of this appeal.[1]

FACTS[2]
On September 14, 1998, K.G.[3] passed out while attending school at Helen Cox Middle School. K.G.'s mother, Sonia Robinson, left work and took K.G. to the hospital. At the hospital, K.G. and her mother were informed that K.G. was pregnant. K.G. told her mother that Defendant, who was a neighbor, was the father.
When Robinson and her daughter returned home from the hospital, Robinson confronted Defendant and asked him his age, which he admitted was 20 years of age. She then asked Defendant if he was aware of K.G.'s age and he responded that he was not. Robinson then called the police and reported that Defendant had slept with her daughter. The police began an investigation and ultimately arrested Defendant.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that his conviction should be overturned because the State failed to present sufficient evidence to support his conviction for carnal knowledge of a juvenile. The State responds that based on the evidence presented, a rational trier of fact could have concluded that Defendant committed the crime of carnal knowledge of a juvenile.
The standard for reviewing the sufficiency of evidence is set forth in Jackson v. Virginia, 443 U.S. 307, 318-320, 99 S.Ct. 2781, 2788-2790, 61 L.Ed.2d 560 (1979). In Jackson, the Supreme Court explained that when assessing the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-320, 99 S.Ct. at 2788-2790; State v. Rosiere, 488 So.2d 965, 968 (La.1986). Under Jackson, the standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-320, 99 S.Ct. at 2788-2790; State v. Rosiere, 488 So.2d at 968; State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, 816.
In the present case, Defendant was convicted of carnal knowledge of a juvenile in violation of LSA-R.S. 14:80, which defines carnal knowledge of a juvenile as follows:
A. Carnal knowledge of a juvenile is committed when:
(1) A person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age *824 of seventeen years, when there is an age difference of greater than two years between the two persons.
B. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
The State sought to prove that K.G. was under 17 years of age at the time she had sex with Defendant and there was an age difference between K.G. and Defendant of more than two years.
At trial, the State called the victim's mother, Sonia Robinson. She testified that, on September 14, 1998, she left work to pick her daughter, K.G., up at school and take her to the hospital. At the hospital, Robinson and her daughter were informed that K.G. was pregnant. Robinson and her daughter returned home and Robinson confronted Defendant, identified as the father by K.G. She questioned Defendant about his age and whether he knew that K.G. was pregnant. She testified that Defendant did know that K.G. was pregnant and that he was 20 years of age.
Later that same evening, Robinson spoke with Defendant and Defendant's mother outside of her home. Robinson testified that Defendant said that what happened to her daughter was a mistake. Robinson further testified that Defendant did not deny sleeping with K.G. After speaking with Defendant and his mother, Robinson called the police.
On cross-examination, Robinson was asked whether Defendant ever admitted to having slept with her daughter and she stated that he had not admitted to sleeping with her daughter. Defendant sought to impeach this testimony by producing a statement that Robinson had given to the police stating that Defendant had admitted to sleeping with her daughter. Robinson testified that she told the police that she knew Defendant had been previously convicted of carnal knowledge of a juvenile.
The State then called K.G. She testified that she was born on April 24, 1982. She lived in the same apartment complex with Defendant. She was talking to Defendant in March or April of 1998, and she and Defendant talked about her approaching sixteenth birthday.
K.G. and Defendant began having sex in June of 1998 and K.G. continued to have sex with him until August of 1998. She testified that the relationship had resulted in her pregnancy; she testified that Defendant was the father of the baby. K.G. further testified that Defendant was the only man she had ever slept with.
On cross-examination, K.G. testified that she took a pregnancy test in Defendant's apartment two days prior to being taken to the hospital. She further testified that Defendant offered to take her to have an abortion. Defense questioned K.G. as to whether she had told the police or her mother about the pregnancy test, and K.G. testified that she had not. K.G. testified that she and Defendant had sex about three times, but she could not remember when those three times were.
Defendant called his mother, Debbie Williams. She spoke to Robinson about Robinson's having called the police. She had seen K.G. and her brother at Defendant's apartment and had spoken to them about problems they were having with Robinson.
Defendant also took the stand. He testified that he had been previously convicted of carnal knowledge of a juvenile involving another female. He testified that his birthday is January 16, 1978, and that he was 20 years of age at the time of this incident. He testified that when he was confronted by Robinson about K.G.'s pregnancy he admitted knowing that K.G. was *825 16 years old and that she was pregnant, but he denied sleeping with K.G.
Defendant testified that he and K.G. were friends, but they were not close friends. He admitted knowing that K.G. turned 16 on April 24, 1998. He denied ever having her in his bedroom. During cross-examination about whether K.G. was lying when she testified that Defendant was the only man she had ever slept with, the following exchange occurred:
Q. [Defense Counsel] Well when she came in and testified was she lying when she said you were the first man she ever slept with?
A. Well, I know I'm not the first because when we was talking as friends at that time she had a love friends that she was mailing (sic). She had a dude named Curtis that she was dealing with at that time me and her was talking.
Q. Okay. So you know that you weren't the first to sleep with her?
A. Yes, I was. I was not the first to sleep with her (emphasis supplied).
Defendant claimed that he was blamed because of his prior conviction for carnal knowledge of a juvenile.
On appeal, Defendant argues that the testimony of Robinson and K.G. is inconsistent and unbelievable. Defendant focuses on the fact that K.G. testified that she couldn't remember how she and Defendant began sleeping together or what they talked about.
This Court has found that where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. Credibility is not reweighed on appeal. State v. Sanders, 99-106 (La. App. 5 Cir. 9/15/99), 742 So.2d 1009, 1011; State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27 (La.1998).
The Louisiana Third Circuit Court of Appeal faced a similar argument that the State had failed to present sufficient evidence in a carnal knowledge of a juvenile case in State v. Hammock, 97-1164 (La. App. 3 Cir. 4/1/98), 711 So.2d 756, writ denied, 98-1143 (La.9/25/98), 726 So.2d 11. The court found that the trial court was presented with the testimony of the victim that, standing alone, was sufficient to establish that the crime was committed. State v. Hammock, 711 So.2d at 758.
In the present case, the jury apparently chose to believe K.G.'s testimony that sexual intercourse had taken place between Defendant and her. In addition, Defendant's statements that he had not been the "only" one to sleep with K.G. plainly create the inference that he had slept with her. It is the jury's function to weigh the import of this inference, and further, any credibility determinations called for are well within their sound discretion. It is not our function to second-guess any of these decisions.
Defendant has not shown that the record does not contain sufficient evidence to support his conviction; this assignment of error has no merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
It is noted that Defendant filed a motion for reconsideration of sentence on October 19, 1999, in accordance with LSA-C.Cr.P. art. 881.1. The trial court did not rule on Defendant's motion and continued the hearing on the motion until the completion of Defendant's appeal.
*826 We faced a similar issue in State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. In Winfrey, the defendant filed a motion to reconsider his sentence. The trial court held an extensive hearing on the motion to reconsider sentence and took the matter under advisement. The record did not reflect a ruling on the motion for reconsideration. State v. Winfrey, 703 So.2d at 81.
On appeal, the defendant claimed that his sentence was excessive. This Court affirmed the defendant's conviction and remanded the case for a ruling on the motion and supplementation of the record with the results. State v. Winfrey, 703 So.2d at 81. This Court noted that if the motion to reconsider is granted and the defendant is re-sentenced, he might appeal the new sentence. This Court further found that if the motion is denied or if it has already been ruled on, defendant must move to relodge his appeal within 60 days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later. This Court based its decision on State v. Smith, 96-285 (La.App. 5 Cir. 10/1/96), 683 So.2d 826 and State v. Sanders, 618 So.2d 904 (La.App. 1 Cir. 1993).
Based on Winfrey, therefore, we affirm Defendant's conviction and remand the case to the trial court for a ruling on Defendant's motion to reconsider sentence.
It is also noted that there is a multiple offender bill of information that has been filed in the trial court, but there is no evidence in the record of a hearing on the multiple offender bill of information. This Court faced a similar situation in State v. Gilbert, 99-KA-315 (La.App. 5 Cir. 4/25/00), 760 So.2d 536. In Gilbert, an appeal was taken while a multiple offender proceeding was pending in the trial court. This Court, by an order dated May 24, 1999, dismissed the appeal. Defendant sought writs to the Louisiana Supreme Court that were granted. The Louisiana Supreme Court ruled that:
This case is remanded to the court of appeal for purposes of reinstating the defendant's appeal and for rebriefing. A defendant may appeal from a judgment which imposes a sentence, La. C.Cr.P. art. 912(C)(1), and such appeals are "favored in the law." State v. Bunnell, 508 So.2d 55 (La.1987). An appellate court therefore may not dismiss a timely and properly filed appeal on grounds that the district court may vacate sentence and resentence the defendant on a pending multiple offender bill under La.R.S. 15:529.1. La.C.Cr.P. art. 916(8) vests jurisdiction in the district court to resentence the defendant as a multiple offender despite a pending appeal and thereby allows for prompt disposition of all issues related to punishment not only in the district court but also in an appellate court which otherwise has jurisdiction over the case. If the court of appeal has notice of a pending multiple bill and wishes to avoid piecemeal litigation, it may delay disposing of the appeal, direct the district court to expedite the hearing on defendant's multiple offender status, and, if necessary, exercise its authority under La.C.Cr.P. art. 914.1(C) to designate additional portions of the proceedings below as part of the appellate record for review, at any time before finality of its decision on the merits. La.C.Cr.P. art. 922; see State v. Taylor, 93-226 (La. App. 5th Cir.5/30/95), 656 So.2d 722.
State v. Gilbert, 99-2338 (La.2/4/00), 758 So.2d 779-780.
Therefore, since we must remand the matter for the trial court to address Defendant's motion to reconsider sentence, we also order that the multiple offender *827 proceedings be disposed of, at the discretion of the State.
For the above reasons, we affirm Defendant's conviction and remand this matter for the trial judge to act on Defendant's motion to reconsider sentence, if this hearing has not yet been held. Further, once the sentencing motion is disposed of, the trial judge shall order the State to either proceed with the multiple offender proceedings, or, if the State does not intend to seek an enhanced offender conviction, they are ordered to indicate as much in the record of these proceedings so that the record will be free of any irregularities for purposes of future appeals. If Defendant's original sentence is left undisturbed, and if the State declines to pursue the multiple offender charge, or, after Defendant is resentenced pursuant to either his rule or multiple offender proceedings, it is ordered that this matter be re-lodged, for appeal of defendant's ultimate sentence and/or appeal of any errors arising out of the possible multiple offender proceedings.
CONVICTION AFFIRMED: REMANDED FOR HEARING ON MOTION TO RECONSIDER SENTENCE AND DISPOSITION IN MULTIPLE OFFENDER PROCEEDINGS.
NOTES
[1] The trial court's failure to rule on the multiple offender bill and defendant's motion to reconsider are discussed as errors patent.
[2] A more complete discussion of the facts is included in assignment of error number one.
[3] It is noted that at the time of the offense and trial the victim was a minor, so we refer to her by her initials only.