# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-508

**STATE OF LOUISIANA**

**VERSUS**

**JARVIS ANGELLE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-119602.1
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney – 15th Judicial District Court**
**Cynthia K. Simon**
**Assistant District Attorney – 15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**Telephone: (337) 232-5170**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**400 Travis Street - Suite 1702**
**Shreveport, LA 71101**
**Telephone: (318) 222-1700**
**COUNSEL FOR:**
      **Defendant/Appellant - Jarvis Angelle**

**Jarvis Angelle**
**David Wade Correctional Center, H1A**
**670 Bell Hill Road**
**Homer, LA 71040**
        **Defendant/Appellant - Jarvis Angelle**

**THIBODEAUX, Chief Judge.**

After Defendant, Jarvis Angelle, fatally shot Treva Williams, the State charged him with second degree murder under La.R.S. 14:30.1. Before trial, Defendant filed a motion to suppress all photographic lineup identification evidence. After a suppression hearing, the trial court denied the motion. Defendant subsequently pled guilty to the responsive charge of manslaughter under La.R.S. 14:31, but he reserved his right to appeal pretrial rulings on motions and his sentence. Defendant was sentenced to forty years at hard labor. On appeal, we affirm his conviction and sentence.

## I.

## ISSUES

We shall consider whether:

(1)    the trial court violated Mr. Angelle's constitutional right to effective counsel when counsel failed to provide Mr. Angelle with expert assistance in the suppression hearing regarding the photographic lineups;

(2)    the trial court erred when it denied Mr. Angelle's motion to suppress the photographic lineup identifications;

(3)    the trial court erred by imposing an unconstitutionally harsh and excessive sentence;

(4)    the trial court violated Mr. Angelle's due process rights by limiting Mr. Angelle's mitigation testimony prior to sentencing; and

(5)    the trial court violated Mr. Angelle's due process rights by accepting a manslaughter guilty plea even though the bill of indictment was never amended.

## II.

## FACTS AND PROCEDURAL HISTORY

On November 10, 2007, the victim, Treva Williams, attended a motorcycle club meeting at the Quality Lounge in Carencro, Louisiana. As the party was concluding, a fight broke out. Soon after the fight ended, Defendant entered the club with a gun, shot the victim, and fled. The victim died as a result of the gunshot wound.

During the investigation, seven witnesses to the shooting independently identified Defendant as the shooter via photographic identification lineups of six photos featuring African-American men of similar age and build. Two of these witnesses were 60-70% certain of the identification while the remaining five were absolutely certain. One witness did admit to seeing the news report on the shooting prior to his identification. In addition, three witnesses made their identifications nearly a year after the shooting, but their testimony and identifications were consistent with the other witnesses. All the witnesses testified that they were not coerced by the investigating officers during the lineups, and that the officers never suggested to them who to choose. Defendant subsequently filed a motion to suppress the photographic identification evidence, but after a hearing, the trial court denied the motion.

On April 16, 2012, Defendant pled guilty to the responsive charge of manslaughter under La.R.S. 14:31, and on October 31, 2012, Defendant was sentenced to forty years at hard labor.

III.

## LAW AND DISCUSSION

### *Right to Effective Counsel*

Defendant argues the trial court violated his right to effective assistance of counsel when counsel failed to provide him with an expert to aid in the suppression hearing on the photographic lineups. We disagree.

In order to prove ineffective assistance of counsel, a defendant must show his attorney was deficient and he suffered prejudice as a result of this deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Here, Defendant does not allege his attorney was deficient. The record indicates Defendant's attorney hired an expert to provide testimony. The trial court, however, concluded the expert testimony was inadmissible in denying the motion to suppress.

Defendant does not directly challenge the trial court's denial of the motion; he only challenges it in the context of ineffective assistance of counsel, but he fails to demonstrate any prejudice. Moreover, Defendant does not allege as error the trial court's ruling on the inadmissibility of the expert testimony. Consequently, we find no merit in this claim.

### *Denial of the Motion to Suppress the Photographic Lineup Identifications*

Defendant argues the trial court erred in denying the motion to suppress the identifications from the photographic lineups. We disagree.

In *State v. Broadway,* 96-2659, p. 14 (La. 10/19/99), 753 So.2d 801, 812, *cert. denied*, 529 U.S. 1056, 120 S.Ct. 1562 (2000), the Louisiana Supreme Court explained in pertinent part:

The defendant has the burden of proof on a motion to suppress an out-of-court identification. La.Code Crim.P. art. 703(D). To suppress an identification, the defendant must first prove that the identification procedure was suggestive. *State v. Prudholm*, 446 So.2d 729 (La.1984). An identification procedure is suggestive if, during the procedure, the witness' attention is unduly focused on the defendant. *State v. Robinson*, 386 So.2d 1374, 1377 (La.1980). However, even when suggestiveness of the identification process is proved by the defendant or presumed by the court, the defendant must also show that there was a substantial likelihood of misidentification as a result of the identification procedure. *State v. Prudholm*, *supra*.

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243 (1977), the Court held that an identification may be permissible, despite the existence of a suggestive pretrial identification, if there does not exist a "very substantial likelihood of irreparable misidentification." The factors which courts must examine to determine, from the totality of the circumstances, whether the suggestiveness presents a substantial likelihood of misidentification include (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. *Id.* at 114, 97 S.Ct. 2243.

In this case, Defendant fails to prove that the photographic lineups were unduly suggestive. While he argues that the police used too few photographs which unduly focused attention on Defendant, he fails to set forth any case law stating six photographs were insufficient. Furthermore, there is no merit to Defendant's argument that the photographic lineups lacked adequate procedural safeguards. A copy of the photographic lineup was introduced into evidence by the State without objection. A review of the exhibit reflects six pictures of African-American males similar in age, build, skin color, facial hair, and hair. Moreover, all the witnesses, with the exception of one, testified they did not see the

news report of the shooting, and they testified that they were not coerced or threatened by an officer during the lineup. Additionally, all the witnesses affirmed that the officers conducting the lineup did not suggest who to choose.

Even if we were to find that the lineups were unduly suggestive, Defendant fails to prove that there was a substantial likelihood of misidentification. Applying the *Manson* factors, witnesses had a clear opportunity to view the crime as the bar was well-lit at the time of the crime and the witnesses were in close proximity to the shooter. Although some of the witness descriptions of the shooter varied slightly, the general descriptions remained consistent. Further, most of the witnesses made the identification from the photographic lineup shortly after the shooting occurred, and the three witnesses who made the identifications almost one year later still provided consistent and accurate testimony.

Considering the totality of these circumstances, we find that Defendant did not meet his burden of proving the photographic lineups were unduly suggestive and presented a substantial likelihood of misidentification.

*Excessive Sentence*

Though Defendant did not file a motion to reconsider, this court has reviewed claims of excessive sentences on constitutional grounds despite a lack of an objection or motion to reconsider sentence. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 131 S.Ct. 932 (2011). Accordingly, we will review the

5

Defendant's claim as a bare claim of excessiveness. Defendant complains his maximum sentence of forty years at hard labor is unconstitutionally excessive. We disagree.

The trial court has wide discretion in imposing a sentence. Absent a manifest abuse of that discretion, we will not deem a sentence excessive. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. The appellate court should consider the nature of the crime, the background of the offender, and the sentences imposed for similar crimes in making its determination. *State v. Telsee*, 425 So.2d 1251 (La.1983). A sentence will only be deemed constitutionally excessive if it is grossly out of proportion to the seriousness of the offense. *State v. Dorthey*, 623 So.2d 1276 (La.1993). In addition, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.

Louisiana has long held that maximum sentences for manslaughter are not excessive when there is sufficient evidence to convict the defendant of second degree murder. *State v. Carrier*, 95-1003 (La.App. 3 Cir. 3/6/96), 670 So.2d 794, *writ denied*, 96-881 (La. 9/20/96), 679 So.2d 431; *State v. Darby*, 502 So.2d 274 (La.App. 3 Cir. 1987). While Defendant is a first time offender and expressed some remorse, the evidence indicates that he walked into a bar and killed the victim in cold blood. These facts are sufficient to support a conviction of second degree murder. *See* La.R.S. 30.1. Additionally, Defendant received the benefit of pleading to the reduced crime of manslaughter, thereby avoiding the more severe penalty of life imprisonment without the benefit of probation, parole, or suspension of sentence that comes with a second degree murder conviction. In light of our past jurisprudence, we conclude that the trial court did not abuse its discretion in

sentencing Defendant to forty years at hard labor as such a sentence, under the circumstances of this case, is not disproportionate to the seriousness of the crime.

### *Due Process Violation for Limiting Mitigation Testimony at Sentencing*

Defendant argues that the trial court violated his due process rights by limiting mitigation testimony of witnesses to twenty minutes and limiting Defendant's own testimony prior to sentencing. In support of his argument, the Defendant cites *State v. Richardson*, 377 So.2d 1029 (La.1979), *State v. Bosworth*, 360 So.2d 173 (La.1978), and *State v. Underwood*, 353 So.2d 1013 (La.1977).

In *Richardson*, *Bosworth*, and *Underwood*, the courts explained that due process requires a defendant be given an opportunity to rebut false or invalid information exposed to the sentencing judge that may contribute to the harshness of the sentence. These cases are inapplicable to the present case. Defendant did not rebut false information relied upon by the trial court to impose his sentence. Thus, this court finds no merit in this claim.

### *Trial Court's Acceptance of Manslaughter Plea*

Defendant argues the trial court erred when it accepted a plea to manslaughter even though the bill of indictment was never amended. We disagree.

In *State v. Price*, 461 So.2d 503, 505 (La.App. 3 Cir. 1984), *abrogated on other grounds by State v. Jackson*, 04-2863 (La. 11/29/05), 916 So.2d 1015, this court explained in pertinent part:

> A defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. La.Code Crim.P. art. 558. The lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. Official Revision Comment to La.Code.

7

Crim.P. art. 558; *State v. Green*, 263 La. 837, 269 So.2d 460 (La.1972). In such instances amendment of the indictment or the filing of a new information charging the lesser included offense is not required.

Here, the State noted at the guilty plea proceeding that the charge of second degree murder had been amended down to manslaughter, which is a lesser included offense. *See* La.Code Crim.P. art. 814. Consistent with this court's reasoning in *Price*, an amendment of the bill charging Defendant with the lesser included offense of manslaughter was not required. Accordingly, this court finds no merit in this claim.

IV.

## DISPOSITION

For the foregoing reasons, we affirm Defendant's conviction and sentence for manslaughter.

**AFFIRMED**.