NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-554

STATE OF LOUISIANA

VERSUS

HELLER MARIE DUPUIS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 11-241836
HONORABLE LORI LANDRY, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Heller Marie Dupuis

**M. Bofil Duhé**
**District Attorney**
**Angela B. Odinet**
**Assistant District Attorney**
**Sixteenth Judicial District**
**415 Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**PETERS, J.**

The defendant, Heller Marie Dupuis, appeals the sentence imposed on her by the trial court for her conviction of manslaughter. For the following reasons, we affirm the sentence in all respects, but remand the matter to the trial court with instructions that it inform the defendant of the provisions of La.Code Crim.P. art. 930.8.

### DISCUSSION OF THE RECORD

The facts in this case are not in dispute. The victim in this matter is Jessie Messex, the defendant's eighty-three-year-old mother. In November of 2011, the defendant wrapped a rope around her mother's neck and strangled her to death. In February of 2012, a St. Martin Parish grand jury indicted the defendant for first degree murder, a violation of La.R.S. 14:30. Seven days later, the defendant was arraigned on the charge and entered a not guilty plea. On January 27, 2015, the State of Louisiana amended the charge to that of manslaughter, a violation of La.R.S. 14:31, and on that same day, the defendant entered a plea of guilty to the amended charge. The trial court ordered a presentence investigative report and set a sentencing date. On March 13, 2015, the trial court sentenced the defendant to serve forty years at hard labor. The defendant's counsel immediately made an oral motion for reconsideration of the sentence, which the trial court rejected without a hearing. Thereafter, the defendant perfected this appeal, asserting two assignments of error:

> I. The sentencing judge failed to articulate for the record sufficient reasons to justify the sentence, and further failed to adequately consider mitigating factors in this case.

> II. The sentence is harsh and excessive to the degree that it is cruel and unusual punishment, considering this is a first felony offense for this disabled offender with an IQ of 60.

## *Errors patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds that one such error exists in this case.

The trial court informed the defendant at the guilty plea proceeding that she had post-conviction relief rights, but failed to advise her of the prescriptive period for filing for post-conviction relief, as required by La.Code Crim.P. art. 930.8. Thus, we remand this matter with instructions to the trial court to inform the defendant of the provisions of La.Code Crim.P. art. 930.8, by sending her the appropriate written notice within ten days of the rendition of the opinion and to file written proof in the record that she received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## OPINION

Louisiana Revised Statutes 14:31(B) provides, in pertinent part, that "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years." Thus, the defendant received the maximum sentence that may be imposed for the offense of manslaughter.

The defendant's counsel failed to assert any specific grounds for reconsideration of the defendant's sentence in his oral reconsideration motion entered at the sentencing hearing. He merely stated, "Your Honor, procedurally, at this time, we would already move to reconsider sentence." The trial court denied the motion without a hearing. The defendant's motion to reconsider failed to comply with La.Code Crim.P. art. 881.1(B), therefore, this court's review of the sentence is limited to "a bare claim of excessiveness." *State v. Lewis*, 08-1308, p. 2 (La.App. 3 Cir. 4/1/09), 16 So.3d 1, 2.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

A sentence falling within a statutory sentencing range may still be unconstitutionally excessive if it "shock[s] our sense of justice" or "makes no measurable contribution to acceptable penal goals[.]" *State v. Hammock*, 97-1164, p. 5 (La.App. 3 Cir. 4/1/98), 711 So.2d 756, 758, *writ denied*, 98-1143 (La. 9/25/98), 726 So.2d 11. In considering these issues, this court has set forth a number of factors to be considered:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Additionally, it is well-settled that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225 (citing *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335). The reviewing court is not to decide whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

### *Assignment of Error Number I*

In her first assignment of error, the defendant asserts that the trial court failed to articulate sufficient reasons to justify the imposition of the forty-year hard labor sentence. Specifically, the defendant asserts that the trial court failed to consider mitigating factors in imposing the sentence.

Louisiana Code of Criminal Procedure Article 894.1(C) states, "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." The defendant alleges in her brief that "the articulation by the court of its reasons for the sentence in this case falls short of the requirements of Article 894.1." The defendant does not point to any specific part of the trial court's reasons in support of its decision that is deficient. This bold assertion is unsupported by the record, and therefore, does not support the defendant's argument.

The defendant next asserts that the trial court did not weigh the fact that she is a first-time offender, has limited mental abilities and diminished insight, and has health issues that require treatment and, therefore, did not properly consider the mitigating circumstances. In fact, the record contradicts the defendant's

4

allegations.  At the sentencing hearing, the trial court stated that it had reviewed the presentence investigation report; the sentencing memorandum submitted by the parties; and the victim impact statements, even though some of them arrived as late as the day before the hearing.  Further, the trial court took notes on the presentence investigation report and made the corrections to it that were pointed out by counsel for both parties.  The trial court specifically noted that the defendant's education in school was "Special Ed."

The trial court considered both the aggravating and the mitigating circumstances in this case before sentencing the defendant.  The trial court considered the aggravating circumstances to be:  the fact that the victim was the defendant's own mother; the victim had allowed the defendant to live with her; and the autopsy report indicated that although the victim was advanced in age, she was still healthy.  As to the mitigating circumstances, the trial court noted that the victim had not been abused or neglected in any way, and also took the defendant's IQ into consideration.[1]  Therefore, this court finds no merit in this assignment of error.

### *Assignment of Error Number II*

In her second assignment of error, the defendant asserts that her sentence is harsh and excessive, and therefore, amounts to cruel and unusual punishment.  The defendant alleges that while the maximum sentence is appropriate for some offenders, she is not one of those offenders.  The defendant alleges that she is not one of the worst offenders, even though this is a serious offense.  The defendant asserts that the trial court, in failing to properly consider her mental condition as a mitigating factor, did not properly consider it when sentencing her.

---

[1] The trial court considered the defendant's IQ, but found that the defendant functioned at a higher level than the average person with an IQ of 60 because of the various jobs that she had held, her ability to maintain personal relationships, and her ability to navigate SSI.  Therefore, the trial court did consider this factor, but found it not to be a very persuasive mitigating factor.

Although the trial court in the present case did not give great weight to the defendant's mental condition, it did, in fact, consider her mental condition. The trial court also considered the mitigating factor that the victim had not otherwise suffered abuse or neglect at the hands of the defendant. Finally, the trial court considered the presentence investigation report, which noted that the defendant was a first-felony offender and noted the defendant's relevant history. Nonetheless, the trial court found the maximum sentence appropriate in this case.

This court has approved forty-year maximum sentences for manslaughter before. In *State v. Angelle*, 13-508, p. 6 (La.App. 3 Cir. 11/6/13), 124 So.3d 1247, 1252, *writ denied*, 13-2845 (La. 5/23/14), 140 So.3d 724, *and writ denied*, 13-2892 (La. 8/25/14), 147 So.3d 693, this court noted that "Louisiana has long held that maximum sentences for manslaughter are not excessive when there is sufficient evidence to convict the defendant of second degree murder." In *Angelle*, this court upheld the maximum forty-year sentence even though the defendant was a first time offender and expressed some remorse. *Id.* The defendant walked into a bar and killed the victim in cold blood, facts which are sufficient to support a conviction of second degree murder. *Id.* Additionally, this court noted, the defendant received the benefit of pleading guilty to the reduced crime of manslaughter, thereby avoiding the more severe penalty for second degree murder—life imprisonment without benefit of probation, parole, or suspension of sentence. *Id.*

In *State v. Key*, 46,119 (La.App. 2 Cir. 3/2/11), 58 So.3d 578, *writ denied*, 11-594 (La. 10/7/11), 71 So.3d 310, the second circuit upheld a forty-year maximum sentence for a twenty-four-year-old defendant who beat an elderly victim to death with a lamp and then robbed him of his money, credit card, and vehicle. The defendant was initially indicted for first degree murder, a charge that

6

was later amended to second degree murder and then reduced to manslaughter pursuant to a plea bargain. *Id.*

In *State v. Freyou*, 12-32 (La.App. 3 Cir. 6/6/12) (unpublished opinion), *writ denied*, 12-1543 (La. 1/25/13), 105 So.3d 63, this court upheld a forty-year maximum sentence on an eighteen-year-old defendant who shouted for her codefendants to beat up the victim. The defendant was not present when her codefendants beat up the victim, who died as a result of the beating. *Id.* Originally charged as a principal to second degree murder, the defendant pled guilty to the reduced charge of manslaughter. *Id.* Considering the benefit the defendant received by her plea bargain, the factors considered by the trial court, and the great discretion given to the trial judge in sentencing, this court upheld the trial court's imposition of the maximum sentence. *Id.*

Similarly, in the present case, the defendant's action of strangling her eighty-three-year-old mother supports the charged offense of first degree murder, for which the defendant was initially exposed to the death penalty. By pleading guilty to manslaughter, the defendant received the benefit of avoiding the more severe penalty. Therefore, in light of the jurisprudence in which the maximum sentence has been imposed upon similarly situated defendants, the facts of this particular case, the trial court's reasons for sentence, and the benefit the defendant received by pleading guilty to manslaughter rather than first degree murder, we find that the sentence imposed is not excessive. We further note the supreme court's repeated admonition "that sentence review under the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461; *State v. Cook*, 95-2784 (La. 5/31/96), 674

So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996); and *State v. Humphrey*, 445 So.2d 1155 (La.1984)). Therefore, we find that this assignment of error lacks merit.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects. We remand the matter to the trial court with instructions to inform the defendant, in writing and within ten days of the rendition of this opinion, of the appropriate prescriptive period for filing an application for post-conviction relief pursuant to La.Code Crim.P. art. 930.8 and to file written proof in the record that the defendant received the notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION
Uniform Rules—Courts of Appeal, Rule 2-16.3